UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____ )
QUALITY MANAGEMENT, LLC,        )
                                )
          Plaintiff,            )
                                )
          v.                    )     Civil Action No. 07-1009 (RWR)
                                )
TIME & PLACE WORLD, LLC,        )
                                )
          Defendant.            )
_____ )
```

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Quality Management, LLC, a landlord, filed an eviction action against its tenant, defendant Time & Place World, LLC ("TP World"), in the Landlord and Tenant Branch of the District of Columbia Superior Court. TP World removed the action to this court asserting diversity jurisdiction, with the requisite amount in controversy satisfied solely by its counterclaim for damages in excess of $75,000. Because TP World's counterclaim will not be considered in the amount in controversy calculation, diversity jurisdiction does not exist and the court will remand the action, *sua sponte*, to the Superior Court for the District of Columbia.

<u>BACKGROUND</u>

Quality Management sued TP World in D.C. Superior Court seeking to eject TP World from Quality Management's property after the purported expiration of the lease. Quality Management

- 2 -

does not allege that TP World failed to pay rent and seeks no
monetary damages.  In response, TP World filed an answer,
counterclaim, and notice of removal to this court, insisting that
diversity jurisdiction under 28 U.S.C. § 1332 exists because the
parties are diverse and TP World's counterclaim is for damages in
excess of the jurisdictional amount.  TP World was ordered to
show cause why the action should not be remanded to the Superior
Court for lack of subject matter jurisdiction, to which TP World
responded by filing a memorandum reasserting its basis for a
counterclaim in excess of $75,000.  (See Def.'s Mem. in Opp'n to
Rule to Show Cause.)  Quality Management responded to TP World's
memorandum, insisting that "TP World's counterclaims (1) do not
confer federal subject matter jurisdiction over the matter as
damages alleged in counterclaims are not considered when
comput[ing] the amount in controversy; and, (2) the counterclaims
are not viable under the [Landlord and Tenant Branch] Rules and

- 3 -

therefore are improperly pleaded to begin with."[1]  (Pl.'s Mem. of
Law as to Lack of Subject Matter Jurisdiction at 10.)

DISCUSSION

Removal is appropriate only when the case might have
originally been brought in federal court.  28 U.S.C. § 1441(a);
see Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  "If
it appears before final judgment that a case was not properly
removed, because it was not within the original jurisdiction of
the United States district courts, the district court must remand
it to the state court from which it was removed."  Franchise Tax

---

[1] Rule 5(b) of the Superior Court Rules of Civil Procedure
for the Landlord and Tenant Court provides:

> COUNTERCLAIMS.  In actions in [the Landlord and Tenant
> Court] for recovery of possession of property in which
> the basis of recovery is nonpayment of rent or in which
> there is a joined claim for recovery of rent in arrears,
> the defendant may assert . . . a counterclaim for money
> damages based on the payment of rent or on expenditures
> claimed as credits against rent or for equitable relief
> related to the premises.  *No other counterclaims,
> whether based on personal injury or otherwise, may be
> filed in this branch.*  This exclusion shall be without
> prejudice to the prosecution of such claims in other
> branches of the court.

Super. Ct. L&T R. 5(b) (2007) (emphasis added).  "[T]he
constraints imposed by Rule 5(b) were designed to insure an
expeditious resolution of landlord-tenant disputes."
Millman Broder & Curtis v. Antonelli, 489 A.2d 481, 484
(D.C. 1985).  Because Quality Management's action against TP
World is not based on nonpayment of rent, but rather the
expiration of the lease itself, TP World's counterclaims
would be impermissible in the Landlord and Tenant Branch
under Rule 5(b).

- 4 -

Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for
S. Cal, 463 U.S. 1, 7-8 (1983).  Because of the substantial
federalism concerns raised by a federal court's exercise of
jurisdiction over a removed case, see Shamrock Oil & Gas Corp. v.
Sheets, 313 U.S. 100, 108-09 (1941), all doubts regarding the
existence of removal jurisdiction must be resolved in favor of
remand.  See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th
Cir. 1994); Nwachukwu v. Karl, 223 F. Supp. 2d 60, 66 (D.D.C.
2002).

Jurisdiction in this matter is predicated upon diversity of
citizenship.  (See Notice of Removal at 1.)  The parties are
diverse for purposes of 28 U.S.C. § 1332(a)(1).  Thus, the only
question is whether the amount in controversy requirement of 28
U.S.C. § 1332(a)(2) can be satisfied based solely upon TP World's
counterclaim for damages in excess of $75,000.

The law is unsettled with respect to whether a matter may be
removed to federal court with the counterclaim serving as the
sole mechanism satisfying the amount in controversy requirement,
and the D.C. Circuit has yet to rule on the issue.  While "courts
have generally refused to consider the damages pled in permissive
counterclaims as supplying the amount in controversy necessary
for removal of a diversity action," Iowa Lamb Corp. v. Kalene
Indus., Inc., 871 F. Supp. 1149, 1156 (D. Iowa 1994) (internal
quotation omitted), "there is a significant split of decisions

- 5 -

when the counterclaim is compulsory under the law of the state in which the underlying claim was brought."[2]  Swallow & Assoc. v. Henry Molded Prod., Inc., 794 F. Supp. 660, 661 (E.D. Mich. 1992) (citing 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 3706, n.43 (1985); 1A James Wm. Moore et al., Moore's Federal Practice, ¶ 0.167[8], pp. 499-503 (2d ed. 1991)).

"The majority of courts follow the rule [that] the amount in controversy is determined by the plaintiff's complaint," regardless of the nature of the defendant's counterclaim.  See Oliver v. Haas, 777 F. Supp. 1040, 1042 (D.P.R. 1991) (collecting cases).[3]  There are several considerations which make the

---

[2] While the split exists because some federal district courts differentiate between counterclaims that are compulsory versus permissive under state law while other courts do not, none of the decisions addresses the circumstance of this case -- i.e., a counterclaim which, under state law, may not be pled at all. See supra note 1.

[3] See also, Watch Hill Partners, Inc. v. Barthel, 338 F. Supp. 2d 306, 309 (D.R.I. 2004) ("The First Circuit appears to have rejected the use of counterclaims to establish the jurisdictional amount requirement."); Indep. Mach. Co. v. Int'l Tray Pads & Packaging, Inc., 991 F. Supp. 687, 693 (D.N.J. 1998) ("[I]n the removal context, the amount in controversy should be ascertained solely from the face of the plaintiff's complaint."); Mesa Indus., Inc. v. Eaglebrook Prods., Inc., 980 F. Supp. 323, 326 (D. Ariz. 1997) ("[T]he great weight of authority favors Plaintiff's position that the amount of a counterclaim may not be considered in determining the amount in controversy."); Meridian Aviation Serv. v. Sun Jet Int'l, 886 F. Supp. 613, 615 (S.D. Tex. 1995) (collecting cases); Iowa Lamb, 871 F. Supp. at 1156-57 (collecting cases).  For the minority view, see Swallow, 794 F. Supp. at 663 (holding that the amount claimed in a compulsory counterclaim may be considered in determining whether amount in controversy requirement was met); Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 816 (8th Cir. 1969); Congaree Broadcasters,

- 6 -

majority approach persuasive.  First, "[s]uch a standard is

consistent with the 'well pleaded complaint rule[,]'" <u>Meridian</u>

<u>Aviation Serv. v. Sun Jet Int'l</u>, 886 F. Supp. 613, 614 (S.D. Tex.

1995), "which provides that federal jurisdiction exists only when

a federal question is presented on the face of the plaintiff's

properly pleaded complaint."  <u>Caterpillar, Inc.</u>, 482 U.S. at 392.

The competing approach of not requiring the jurisdictional amount

to be met in the complaint "flies in the face of the . . . rule."

16 James Wm. Moore <u>et al.</u>, <u>Moore's Federal Practice</u> ¶ 107.14 (3d

ed. 2007).  Second, requiring the amount in controversy to be

determined solely on the basis on the plaintiff's complaint is

consistent "with the rule that defenses or counterclaims which

implicate federal law are insufficient to confer federal

jurisdiction."  <u>Cont'l Ozark, Inc. v. Fleet Supplies, Inc.</u>, 908

F. Supp. 668, 671 (W.D. Pa. 1995) (internal citation omitted).

<u>See</u> <u>Van Allen v. Bell Atlantic-Washington, D.C. Inc.</u>, 921 F.

Supp. 830, 832 (D.D.C. 1996) (citing <u>Caterpillar, Inc.</u>, 482 U.S.

at 393)).  Third, "the removal statute . . . does *not* provide

that when a claim over which the federal courts would have

original jurisdiction is brought as a counterclaim to otherwise

non-removable claims, the entire action may be removed[,]"  <u>Iowa</u>

<u>Lamb</u>, 871 F. Supp. at 1155, which suggests that "[i]f Congress

_____

<u>Inc. v. TM Programming, Inc.</u>, 436 F. Supp. 258, 262 (D.S.C.
1977).

- 7 -

had intended to allow the use of defendant's counterclaim in

satisfying the jurisdictional amount, it would have explicitly

stated so."[4]  Oliver, 777 F. Supp. at 1042.  Finally, as

articulated in Iowa Lamb,

> [f]ederal removal jurisdiction should not vary depending
> on the state in which claims have originally been
> brought.  Consistent application of the rule that the
> complaint at the time of removal determines the amount
> in controversy, as does the complaint in cases
> originally brought in federal court, . . . provides
> litigants with beneficial certainty concerning the
> appropriate forum for resolution of their disputes.
> Certainty about the appropriate forum would assist in
> reducing cost and delay in civil litigation as parties
> would not be put to the necessity of challenging or
> defending removals based on the amount in controversy in
> a counterclaim.

871 F. Supp. at 1157.

The approach used by a minority of district courts is also

based on legitimate concerns.  For example, permitting

consideration of compulsory counterclaims in the amount in

controversy calculation "avoids the ridiculous result that would

sacrifice the choice of forum of the litigant with the greater

monetary interest at stake," and also prevents a plaintiff with a

"relatively insignificant claim" from rushing to the state

courthouse in order to make a defendant possessing a compulsory

---

[4] But see Swallow, 794 F. Supp. at 663 (insisting that
allowing compulsory counterclaims to be considered in the amount
in controversy calculation "is not contrary to a strict reading
of the statute's language").

- 8 -

counterclaim "lose his federal forum."  <u>Swallow</u>, 794 F. Supp. at
662-63.

Such concerns seem particularly misplaced in this case,
however.  Rule 5(b)'s bar on TP World's counterclaim likely
precludes it from being a compulsory one.  Even if it were, it
would be far from a ridiculous result to have this eviction
action, in which the central issue is whether a lease has
expired, tried in the Landlord and Tenant Branch.  Moreover, the
record does not indicate that Quality Management manipulatively
rushed to file its action with the local court.

Certainly with the facts of this case, the majority approach
appears most fitting and will be employed.  TP World's
counterclaim which alleges a sufficient amount in controversy for
diversity jurisdiction should not form the basis for removal
jurisdiction.  Without considering TP World's counterclaim, the
amount in controversy in this case is less than $75,000 --
indeed, no monetary judgment is sought in the complaint -- and no
diversity jurisdiction exists.  Thus, the case must be remanded.

<u>CONCLUSION AND ORDER</u>

Because TP World's counterclaim will not be considered in
determining the amount in controversy, subject matter
jurisdiction is lacking and the case will be remanded to the
Superior Court.  Accordingly, it is hereby

- 9 -

ORDERED that the Clerk REMAND this case to the Superior
Court of the District of Columbia, Civil Division, Landlord and
Tenant Branch.

SIGNED this 20th day of November, 2007.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge